UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
NORTHERN DIVISION

| | |
|---|---|
| MATTHEW W. CALVERT, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 2:17-CV-2 HEA |
| | ) |
| MIGUEL PANIAGUA, et al., | ) |
| | ) |
| Defendants. | ) |

**OPINION, MEMORANDUM AND ORDER**

Plaintiff, a prisoner, seeks leave to proceed in forma pauperis in this civil action under 42 U.S.C. § 1983. Having reviewed plaintiff's financial information, the Court assesses a partial initial filing fee of $36.50, which is twenty percent of his average monthly deposit. *See* 28 U.S.C. § 1915(b). Additionally, the Court will order the Clerk to serve process on six of the seven named defendants.

**Standard of Review**

Under 28 U.S.C. § 1915(e), the Court is required to dismiss a complaint filed in forma pauperis if it is frivolous, malicious, or fails to state a claim upon which relief can be granted. To state a claim for relief, a complaint must plead more than "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Id.* at 679. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. Determining whether a complaint states a plausible claim for relief is a

context-specific task that requires the reviewing court to draw on its judicial experience and common sense. *Id*. at 679.

When reviewing a complaint under 28 U.S.C. § 1915(e), the Court accepts the well-pled facts as true. Furthermore, the Court liberally construes the allegations.

**The Complaint**

Plaintiff brings this action against Corizon Health, five Corizon doctors, and an outside doctor working at a cancer center, Dr. Shid Waheed. Plaintiff has a myriad of serious medical disorders. The Corizon doctors either refused to test and treat these disorders, or Corizon denied their treatment recommendations to save money. Plaintiff suffered severe health complications as a result, including suffering a heart attack that caused his heart to stop beating four times after he was flown to the hospital by helicopter.

Plaintiff alleges that he was taken to see Dr. Waheed about his problem with iron overload. Plaintiff and Dr. Waheed agreed about the intervention needed for the problem. However, Dr. Waheed told plaintiff that Corizon had informed him that it would not pay for the treatment.

**Discussion**

The complaint states a plausible claim against Corizon, Miguel Paniagua, Kendis Archer, Tomas Cabrera, Glen Babich, and Ronald Proctor for deliberate indifference to his serious medical needs. As a result, these defendants must answer the complaint.

Plaintiff does not allege that Dr. Waheed deliberately ignored his serious medical needs. He alleges that Dr. Waheed's recommendation was not approved by Corizon. As a result, the Court will dismiss Dr. Waheed without prejudice.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis [ECF No. 2] is **GRANTED**.

**IT IS FURTHER ORDERED** that the plaintiff must pay an initial filing fee of $36.50 within twenty-one (21) days of the date of this Order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding.[1]

**IT IS FURTHER ORDERED** that the Clerk is directed to issue process on defendants Corizon Health, Miguel Paniagua, Kendis Archer, Tomas Cabrera, Glen Babich, and Ronald Proctor.

**IT IS FURTHER ORDERED** that defendant Dr. Shid Waheed is **DISMISSED** without prejudice.

An Order of Partial Dismissal will be filed separately.

Dated this 26th day of April, 2017.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE

---

[1] Prisoners must pay the full amount of the $350 filing fee. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. The agency having custody of the prisoner will deduct the payments and forward them to the Court each time the amount in the account exceeds $10. 28 U.S.C. § 1915(b)(2).